FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 03 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROBERT PILCHMAN,

                Plaintiff,

      - against -

NATIONAL LABOR RELATIONS BOARD,
*et.al.*,

                Defendant.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

14-cv-7083 (SLT) (SMG)

**TOWNES, United States District Judge,**

In this *pro se* action, Plaintiff Robert Pilchman ("Pilchman") sues the National Labor Relations Board ("NLRB"), the New York State Public Employment Relations Board ("PERB"), the Brooklyn Public Library ("BPL") (his employer), and entities related to his union, including District Council 37 of the American Federation of State, County and Municipal Employees (an AFL-CIO entity) and its affiliated local, Brooklyn Library Guild Local 1482 of the American Federation of State, County and Municipal Employees (the union entities will be collectively referred to as the "Union"). Pilchman seeks an order "reversing" the NLRB's refusal to institute an unfair labor practice complaint against BPL and the Union. He alternatively seeks an order "reversing" PERB's dismissal of his application for injunctive relief and unfair labor practice charges. Currently pending are motions to dismiss filed by NLRB, PERB, BPL, and the Union. (Docs. 60, 61, 66, and 67.) For the reasons explained below, the motions are granted and the case is dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND[1]

Pilchman was an employee of BPL and a working member of the Union from approximately June 1998 until his termination in April 2013. (Compl., Doc. 1, ¶¶ 1, 19.) In July 2012, the BPL issued Pilchman a "disciplinary memo" and, subsequently, a Statement of Charges, for activity related to a union election that took place in the fall of 2011. (*Id.*, ¶ 2-3.) Pilchman unsuccessfully disputed the allegations which, after a series of conversations, grievances, and appeals, resulted in a ten-day suspension without pay running from November to December of 2012. (*Id.*, ¶ 4-11.) Shortly after Pilchman returned to work from his suspension, BPL issued a new Statement of Charges recommending Pilchman's termination. (*Id.*, ¶ 12.) The recommendation was made due to allegedly "scurrilous and inflammatory" accusations against the Mayor, the Governor, the Speaker of the City Council, the Brooklyn Borough President, and the Chief Judge of the New York State Courts that Pilchman asserted in the course of his disciplinary actions. (*Id.*) During a period of suspension with pay and a paid medical leave, Pilchman unsuccessfully grieved the second Statement of Charges, which eventually resulted in his termination on April 26, 2013. (*Id.*, ¶ 13-19.)

Both during and after the above-described proceedings, Pilchman filed four unfair labor practice charges with the NLRB against BPL, and one against the Union, alleging violations of the National Labor Relations Act (the "Act"), 29 U.S.C. § 158(a). (*Id.* ¶¶ 20-21; *see also* Doc. 67-1, 2). All of the unfair labor practice charges were dismissed by NLRB's General Counsel due to the Board's lack of jurisdiction over BPL. (*See* NLRB Memo., Doc. 67-1 at 2.) Specifically, the charges were dismissed because NLRB's General Counsel determined that BPL

---

[1] The following facts are undisputed and provided only as background to clarify the legal issue presented herein.

was a "political subdivision of the City of New York," under Section 2(2) of the Act, and therefore not an "employer" covered by the Act.[2] (*See* Compl., Ex. 1, 1.)

Pilchman also filed unfair labor practice claims against BPL and the Union with PERB, alleging violations of Section 704 of the State Employment Relations Act ("SERA"), and Section 209-a.2(c) of the Public Employees' Fair Employment Act (codified at Article 14 of the New York Civil Service Law), commonly known as the "Taylor Law." (*See* PERB Memo., Doc. 66-1, 2.) Additionally, Pilchman filed an application for injunctive relief under the Taylor Law § 209-a.4(b). (*Id.*) PERB dismissed all of Pilchman's Taylor Law claims, and denied his request for injunctive relief. (*Id.*, 3.) The Administrative Law Judge who dismissed the claims reasoned that PERB lacked jurisdiction over BPL with respect to these claims because BPL "is not a public employer under the Taylor Law." (Murphy Affirmation, Doc. 60-2, Ex. A at p. 6) (citing *Rodriguez v. Brooklyn Public Library*, 34 Misc. 3d 310 (Sup. Ct. Kings County 2011)). Pilchman's SERA claims against BPL, on the other hand, were not dismissed. (*Id.*)

Pilchman filed the instant Complaint on December 4, 2014, after his charges were dismissed, primarily alleging that NLRB erred by declining to issue unfair labor practice complaints against BPL. He appears to be motivated by the belief that the reasoning of the state and federal agencies are somehow inconsistent. Pilchman requests that the Court "reverse the NLRB dismissals (and remand to the NLRB for appropriate continued processing)." (Compl., p. 21.) In the alternative, "[i]f the Court does not reverse the NLRB dismissals," Pilchman requests

---

[2] Section 2(2) of the Act states: "[t]he term 'employer' includes any person acting as an agent of an employer, directly or indirectly, but shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, *or any State or political subdivision thereof* . . . ." 29 U.S.C. § 152(2). (Emphasis added).

3

"reversal" of PERB's dismissals of his Taylor Law claims. (*Id.*) His complaint does not directly assert any claims against, or request relief with respect to, either BPL or the Union.[3]

Following pre-motion conference letters from all the defendants requesting permission to file motions to dismiss, the Court bifurcated briefing and ordered the first-stage motions to address only the issue of subject matter jurisdiction. (Doc. 43.) Each defendant then moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1). Primarily, the defendants each argue that neither statute nor case law provides for judicial review of the NLRB General Counsel's prosecutorial decisions not to issue unfair labor practice complaints. PERB additionally asserts Eleventh Amendment immunity from suit. Pilchman argues that the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*, permits judicial review of NLRB's refusal to institute proceedings, a contention he primarily rests on the Ninth Circuit case *Montana Air Chapter No. 29, Ass'n of Civilian Technicians, Inc. v. Federal Labor Relations Authority*, 898 F.2d 753, 755 (9th Cir. 1990). With respect to the PERB claims, and presumably all other defendants, he invokes supplemental jurisdiction under 28 U.S.C. § 1367.

## II. DISCUSSION

### A. Standard of Review

A claim is "properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v.*

---

[3] Pilchman has filed two additional actions. In 15-cv-3176 ("Pilchman II"), Pilchman sues the same defendants, in addition to the New York State Division of Human Rights ("NYDHR"), alleging essentially the same claims with respect to two additional complaints Pilchman filed with the NLRB subsequent to the filing of the instant action. Pilchman II also asserts Freedom of Information Act and New York Freedom of Information Law claims, and requests mandamus relief with respect to NYDHR. In 15-cv-3641 ("Pilchman III"), Pilchman asserts First Amendment retaliation claims against BPL. Pilchman II and Pilchman III have both been stayed pending a decision on the instant motions.

4

*United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). When "the case is at the pleading stage and no evidentiary hearings have been held ... [a court] must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (internal citations and quotations omitted). However, "in adjudicating a motion to dismiss for lack of subject-matter jurisdiction, a district court may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits." *State Employees Bargaining Agent Coalition, v. Rowland*, 494 F.3d 71, 77, n. 4 (2d Cir. 2007).

### B. Jurisdictional Analysis

Pilchman invokes jurisdiction for judicial review of the General Counsel's decision not to issue a complaint under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* (the "APA"). That statute generally provides an avenue for judicial review of final agency actions "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. While there is a strong presumption of reviewability under the APA, *see Abbott Labs. v. Gardner*, 387 U.S. 136, 140 (1967), section 701 explicitly excludes judicial review "to the extent that—(1) [other] statutes preclude judicial review; or (2) agency action is committed to agency discretion by law," 5 U.S.C. § 701(a). These are two distinct jurisdictional exclusions, and judicial review cannot be had if either subsection applies. *See Riverkeeper, Inc. v. Collins*, 359 F.3d 156, 164 (2d Cir. 2004) (citing *Heckler v. Chaney*, 470 U.S. 821 (1985)).

Here, jurisdiction to review the General Counsel's decision not to file an unfair labor practice complaint is squarely excluded under subsection 701(a)(1). The Supreme Court has

5

explicitly held that the National Labor Relations Act ("NLRA") is a statute precluding the review Pilchman seeks here. *See N.L.R.B. v. United Food & Commercial Workers Union, Local 23, AFL-CIO*, 484 U.S. 112, 131 (1987). In *United Food*, the Court "determined that Congress purposely excluded prosecutorial decisions from [judicial] review." *Id.* More specifically, the Court has explained that "[t]he NLRA leaves no doubt that it is meant to be, and is, a comprehensive statute concerning the disposition and review of the merits of unfair labor practice charges" and limits judicial review to orders issued by the board that issue well after the General Counsel has exercised prosecutorial discretion. *Id.* In short, as numerous courts have recognized, the General Counsel's prosecutorial decisions are categorically excluded from judicial review. *See, e.g., Detroit Edison Co. v. N.L.R.B.*, 440 U.S. 301, 316 (1979) (explaining that the Board's General Counsel could "in his unreviewable discretion refuse to issue [an unfair labor practice] complaint."); *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 139 (1975) ("Congress has delegated to the Office of General Counsel on 'behalf of the Board' the unreviewable authority to determine whether a complaint shall be filed.") (quoting 29 U.S.C. § 153(d)); *Fitz v. Commc'ns Workers of Am.*, No. CIV A 88-1214 (RCL), 1989 WL 226082, at *8 (D.D.C. Aug. 17, 1989) (In [*United Food*] the Court found that [701(a)(1)] applied to acts of the General Counsel, that is, that review is precluded by statute.") aff'd, 917 F.2d 62 (D.C. Cir. 1990).

Pilchman's argument to the contrary is without merit. He contends that the General Counsel's decisions not to prosecute are reviewable if based on a belief that the NLRB itself lacks jurisdiction. He rests this argument on *Montana Air Chapter No. 29, Ass'n of Civilian Technicians, Inc. v. Federal Labor Relations Authority*, in which the Ninth Circuit considered subsection 701(a)(2)'s prohibition on judicial review of decisions "committed to agency

6

discretion by law." 898 F.2d 753, 755-56 (9th Cir. 1990). There, the Ninth Circuit held that a district court had jurisdiction over the Federal Labor Relations Authority's ("FLRA") decision not to issue an unfair labor practice complaint because the FLRA had erroneously concluded that it lacked jurisdiction. 898 F.2d at 755-63. That decision, however, is irrelevant here. It addressed neither the National Labor Relations Act nor section 701(a)(1) of the APA. Rather, the *Montana Air* court invoked a footnote in *Heckler v. Chaney*, 470 U.S. 821 (1985), that left open the possibility that agency discretion presumptively unreviewable under 701(a)(2) may nevertheless be subject to APA review if an agency's decision concerned its own jurisdiction. *Id.* Neither *Montana Air* nor *Heckler* addressed subsection 701(a)(1), which, under *Food Union*, squarely applies here. Accordingly, Plaintiff has not and cannot meet his burden to establish subject matter jurisdiction over the NLRB General Counsel's decisions and his claims against the NLRB must be dismissed.

For similar reasons Pilchman's claims against the remaining Defendants must also be dismissed. He invokes supplemental jurisdiction under 28 U.S.C. § 1367 over all Defendants other than the NLRB. (Pilchman Memo., Doc. 67-18 at 21-22). Such is unavailable here, however, because the Court "cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996); *see also In re Joint Eastern and Southern Dist. Asbestos Litig.*, 14 F.3d 726, 730 n. 2 (2d Cir.1993) ("[T]he court may not exercise supplemental jurisdiction over claims unless the court has 'original jurisdiction' over at least one of the plaintiff's claims.")

### C. Motion to Amend the Complaint

In his opposition, Pilchman requests leave to amend the Complaint "[i[f there is any fatal deficiency." After a motion to dismiss has been made, a party may amend its pleading by leave

of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). While a *pro se* complaint generally should not be dismissed "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated[,]" leave need not be granted where it would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, there no "fatal deficiency" that could be cured by a more artfully pled complaint and any amendment would be futile. *See Donnelly v. United States*, 55 (2d Cir. 2014) (Summary Order) (affirming denial of leave to amend "as an amendment to the complaint would not have cured [the] jurisdictional bar."); *DeBoe v. Du Bois*, 503 F. App'x 85, 89 (2d Cir. 2012) (Summary Order) (affirming denial of leave to amend where district court correctly determined it lacked subject matter jurisdiction over the claims). Therefore, leave to amend is denied.

### D. CONCLUSION

For the reasons stated above, defendants' motions to dismiss (Docs. 60, 61, 66, and 67) are **GRANTED**, Pilchman's Complaint is dismissed in its entirety, and leave to amend is **DENIED**. The Clerk of Court is respectfully directed to enter judgment and close the case.

**SO ORDERED**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: May 2, 2017
Brooklyn, New York

8